IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES

CASE NO: 8:15-CR-482-T-26TBM

V

PABLO CESAR PARRALES-CHAVEZ
_____/

**DEFENDANT'S SENTENCING MEMORANDUM
AND REQUEST FOR REASONABLE SENTENCE**

COMES NOW THE DEFENDANT, PABLO CESAR PARRALES-CHAVEZ (hereinafter "Mr. Parrales"), by and through Undersigned Counsel, and files this sentencing memorandum and requests a reasonable sentence and states as follows:

**1. Offense Conduct**

On November 7, 2015, the Defendant and his co-defendants were found by law enforcement aboard a go fast vessel in international waters 350 nautical miles from the coast of Southern Guatemala and Colombia. PSR 5 ¶8. The United States Coast Guard interdicted the vessel and directed it to stop, observing the crew jettisoning bales of contraband over the side of the vessel. Id. at ¶9. The Government recovered cocaine attributable to Mr. Parrales and his co-defendants totaling approximtely 690 kilograms. Id. at ¶12. On November 24, 2015 a Federal Grand Jury in the Middle District of Florida returned a two-count indictment naming Mr. Parrales and his co-defendants with one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on a boat subject to United States jurisdiction and the substantive offense of actual possession with intent to distribute, all in violation of 21 U.S.C. 960. PSR 4 ¶2-3. On March 23, 2016, Mr. Parrales entered a guilty plea to count one pursuant to a plea agreement before the Hon. Richard Lazarra. PSR 4 ¶5. The Court accepted the guilty plea and adjudicated Mr. Parrales guilty.

**2. PSR Guideline Calculation**

Mr. Parrales was responsible for more than 450 kilograms of cocaine, so his base offense level is properly scored at 38. PSR 6 ¶ 17. He qualifies for a 2 point reduction pursuant to safety valve. Id. at ¶ 18. He then receives 3 points reduced for acceptance of responsibility bringing his adjusted offense level to 33. Id. at ¶ 26 With a properly scored criminal history category I, his advisory guideline range is 135 to 168 months. PSR 9 ¶47.

**3. Request for Sentence of 120 months imprisonment.**

Mr. Parrales respectfully requests that this Court give a variance from the guideline sentence and impose a sentence of 120 months imprisonment. A district court's discretion is no longer limited by the guidelines since its matrix is now considered merely advisory. *United States v. Booker*, 543 U.S.220, 245-67, 125 S. Ct. 738, 757-69 (2005). Thus, a court is now unencumbered in its ability "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 116 S. Ct. 2035 (1996). The use of the Guidelines in other than an advisory function violates the defendant's Sixth Amendment Rights. *Booker*, 543 U.S. at 244-45, 125 S. Ct. at 757-69 (Part Two, Breyer, J.). Moreover, the contention that the Guidelines enjoy a presumption of reasonableness in the District Courts, has been rejected.

> We repeat that the presumption before us is an appellate court presumption. Given our explanation in Booker that appellate "reasonableness" review merely asks whether the trial court abused its discretion, the presumption applies only on appellate review. The sentencing judge, as a matter of process, will normally begin by considering the pre-sentence report and its interpretation of the Guidelines. [T]he sentencing court] may hear arguments by prosecution or defense that the Guidelines sentence should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or perhaps because the case warrants a different sentence regardless . . . In determining the merits of these arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.

*Rita v. United States*, 551 U.S. 338, 351, 127 S.Ct. 2456, 2465, (2007). (citations omitted).

A variance from the advisory guidelines is warranted in Mr. Parrales's case, primarily when

considering the nature and circumstances of the offense and the history and characteristics of the defendant. In this case, the Defendant has lived in abject poverty in Ecuador most of his life, having lost his father at the age of two and having to live with his mother's meager income from recycling scrap metal. PSR 7-8. He withdrew from school at age 12 and began to fish for income. PSR 8 ¶35. Mr. Parrales has one child, a one year old with a significant birth defect resulting in an underdeveloped brain. Id. ¶ 37. His son and common-law wife are living with in-laws in Ecuador but are receiving no support at this time. Id. These characteristics make Mr. Parrales a deserving candidate for leniency from the Court, and granting a variance sentence of 120 months would meet the statutory requirements of 18 U.S.C. §3553.

Respectfully submitted,

                                        s/*Darlene Calzon Barror*
                                        DARLENE CALZON BARROR, ESQUIRE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically by CM/ECF system which will send an electronic filing to THE OFFICE OF THE ASSISTANT UNITED STATES ATTORNEY, this 8th day of June, 2016.

                                        s/*Darlene Calzon Barror*
                                        DARLENE CALZON BARROR, ESQUIRE
                                        506 North Armenia Ave.
                                        Tampa, FL 33609
                                        Tel: (813) 877-6970
                                        Fax: (813) 879-2610
                                        Darlene@BarrorLaw.com
                                        Attorney for Defendant
                                        Florida Bar No. 0860379